UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Aung DOE; Nina DOE; Thura DOE; Khin Thet DOE; Chu Let DOE; and Maung DOE, on their own behalf and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>– versus –<br><br>Kristi NOEM, Secretary, United States Department of Homeland Security, in her official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:25-cv-15483 |

**ORDER GRANTING MOTION TO POSTPONE
EFFECTIVE DATE OF AGENCY ACTION**

After consideration of the briefs and arguments of counsel and the evidence filed in support of and in opposition to Plaintiffs' Motion to Postpone the Effective Date of Agency Action, Dkt. 15, the Court finds that plaintiffs have carried their burden to demonstrate a need for postponement of the effective date of agency action in this case to preserve the status quo pending resolution of this case on the merits.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' Motion is GRANTED as follows:

1. The Court concludes that plaintiffs have carried their burden of showing (1) a likelihood of success on the merits of their claims under the Administrative Procedure Act (APA); (2) that the termination of the Temporary Protected Status (TPS) designation for Burma set to take effect on January 26, 2026 (the Termination) is causing and will cause irreparable harm to TPS holders

absent postponement of the Termination; and (3) that the balance of equities and the public interest weigh in plaintiffs' favor. Accordingly, a postponement of agency action pursuant to 5 U.S.C. § 705 of the APA is warranted.

   2.   The effective date of implementation of the Termination is hereby immediately postponed and stayed pending resolution of this case on the merits.

   3.   During the period of postponement of the Termination, the Termination shall be null, void, and of no legal effect. The Termination therefore does not affect the protections and benefits previously conferred by the TPS designation, including work authorization and protection from detention and deportation, and the validity period of work authorization extends for the period of postponement. *See* 8 U.S.C. §§ 1254a(a)(1), (d)(4). The Termination also has no effect on the eligibility for work authorization and protection from detention and deportation for individuals with pending applications. *See* 8 U.S.C. § 1254a(a)(4)(B); 8 C.F.R. § 244.10(a), (e).

   IT IS SO ORDERED.

Dated: January 23, 2026

_____
Matthew F. Kennelly
United States District Judge