**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Aung DOE; Nina DOE; Thura DOE; Khin Thet DOE; Chu Let DOE; and Maung DOE, on their own behalf and on behalf of others similarly situated, | Case No. 1:25-cv-15483 |
| *Plaintiffs*, | Judge Kennelly |
| – versus – | |
| Markwayne MULLIN, Secretary, United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA, | |
| *Defendants*. | |

PROTECTIVE ORDER

Pursuant to the Court's Memorandum Opinion and Order of July 9, 2026, Dkt. 89, the Court hereby enters the following protective order to provide assurances for Plaintiffs ("Pseudonymous Plaintiffs") who are proceeding in this action through pseudonyms and whose identities have been provided to Defendants. The reasons for proceeding under pseudonym were previously submitted to this Court in Plaintiffs' Unopposed Motion to Seal and for Leave to Proceed Under Pseudonyms. Dkt. 13. Counsel for Defendants have access to Pseudonymous Plaintiffs' identities in unredacted court forms that list Pseudonymous Plaintiffs' true identities, as Defendants received Pseudonymous Plaintiffs' identities pursuant to the order of the United States Court of Appeals for the Seventh Circuit. *See* Order, *Aung Doe v. Mullin*, No. 26-1294 (7th Cir. Mar. 9, 2026). Entry of this Order shall not be construed as a waiver of any objection or argument

1

previously asserted by any party.

1.      Limited Disclosure of the Pseudonymous Plaintiffs' Identities. The identities of the Pseudonymous Plaintiffs may be disclosed to the following : (a) counsel for Defendants in this action; (b) persons in the employ of counsel for Defendants who have a need to know the Pseudonymous Plaintiffs' identities in the performance of their duties related to this action; (c) persons in the employ of Defendants who have a need to know the Pseudonymous Plaintiffs' identities in the performance of their duties in conjunction with this action, provided that such persons agree to and sign the attached agreement (Appendix A); (d) the Court, court personnel, and court reporters or stenographers engaged in proceedings in this action; and (e) any other person upon written agreement of the parties or order of the Court.

2.      Permissible Uses of the Pseudonymous Plaintiffs' Identities. Any person learning the Pseudonymous Plaintiffs' identities pursuant to this Protective Order ("Recipient") shall use that information only for purposes of this litigation and shall not disclose the Pseudonymous Plaintiffs' identities to anyone except persons identified in Paragraph 1, absent court order. No party or person employed by the parties shall use any information or knowledge of Pseudonymous Plaintiffs' identities obtained through this litigation, or documents wherein Pseudonymous Plaintiffs' identity information is disclosed, or information derived therefrom, to bring enforcement proceedings against, retaliate against, intimidate, report or refer to any governmental authorities, discriminate against in any manner, or harass any Pseudonymous Plaintiff in any way. Nothing in this Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation. Specifically, this paragraph shall not be read to limit the dissemination of information learned outside the context of this litigation by persons employed by Defendants.  For the avoidance of doubt, information contained in Defendants' own records and systems that was

not obtained through this litigation constitutes information obtained *outside* of this litigation, and nothing in this Protective Order restricts Defendants from initiating or pursuing enforcement proceedings based on information obtained through means independent of this litigation.

3.     Scope of the Protective Order. This protective order does not alter the requirements of Local Rule 26.2, which governs the procedure for filing documents under seal. If any party wishes to use any document containing the Pseudonymous Plaintiffs' identities, or other personally identifying information that would lead to the discovery of the Pseudonymous Plaintiffs' identities, in a court filing or proceeding in this action, they shall either (i) redact the Pseudonymous Plaintiffs' names and other personally identifying information or (ii) file a motion to seal pursuant to Local Rule 26.2.

4.     Unauthorized Disclosure of Protected Material. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Pseudonymous Plaintiffs' identities to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of materials that contain Pseudonymous Plaintiffs' identities, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Appendix A.

5.     Modifications. Each party reserves the right to seek to modify the terms of this protective order and Pseudonymous Plaintiffs' pseudonym status at any time. Before doing so, however, the counsel for the party seeking to modify this protective order shall confer with counsel for all other parties to this action.

6.     Effective Date. Even after final disposition of this litigation, the confidentiality

obligations imposed by this Protective Order shall remain in effect until the Pseudonymous Plaintiffs agree otherwise in writing or a court order otherwise directs.

7.       Enforcement: This Court will retain jurisdiction for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

     SO ORDERED.

Date:  July 15, 2026                                    _____
                                                        MATTHEW F. KENNELLY
                                                        United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | |
|---|---|
| Aung DOE; Nina DOE; Thura DOE; Khin Thet DOE; Chu Let DOE; and Maung DOE, on their own behalf and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>– *versus* –<br><br>Markwayne MULLIN, Secretary, United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:25-cv-15483<br><br>Judge Kennelly |

APPENDIX A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order, entered by the Court on July ___, 2026, in *Aung Doe v. Mullin*, No. 25-cv-15483 (N.D. Ill.). I agree to comply with, and to be bound by, all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information about the Pseudonymous Plaintiffs' identities subject to this Protective Order to any person or entity except in strict compliance with

1

the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of Illinois for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2