# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Aung DOE; Nina DOE; Thura DOE; Khin Thet DOE; Chu Let DOE; and Maung DOE, on their own behalf and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br>– *versus* –<br>Markwayne MULLIN, Secretary, United States Department of Homeland Security, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:25-cv-15483<br><br>Judge Matthew F. Kennelly |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO RECONSIDER**

## INTRODUCTION

Plaintiffs submit this supplemental brief to clarify that this Court has jurisdiction to reconsider both the bare animus and procedural due process claims at issue in Plaintiffs' Motion to Reconsider based on the proper scope of 28 U.S.C § 1292(b). At oral argument on September 21, 2026, the government's counsel argued that its pending appeal to the Seventh Circuit divests this Court of jurisdiction to reconsider dismissal of both claims. Because the Seventh Circuit did not accept the government's petition for interlocutory appeal until after the parties completed briefing on the motion to reconsider, the question of this Court's jurisdiction was raised for the first time at the September 21 hearing. Existing authority on the issue clarifies that this Court retains jurisdiction over the claims that are the subject of Plaintiffs' motion to reconsider.

## ARGUMENT

This Court has jurisdiction to grant the motion to reconsider, notwithstanding the government's appeal of the Court's order on Plaintiffs' race-discrimination equal protection claim. Plaintiffs do not dispute that 28 U.S.C § 1292(b), as interpreted by the Supreme Court, has transferred to the Seventh Circuit jurisdiction over all issues related to the Court's order declining to dismiss the race-discrimination equal protection claim. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 204-05 (1996) (the scope of appellate review under § 1292(b) encompasses any issue "fairly included within the certified order because it is the order that is appealable") (citation modified). However, the Seventh Circuit "cannot reach beyond the certified order to address other orders made in the case." *Id.* (citing *United States v. Stanley*, 483 U.S. 669, 667 (1987)). Under the government's theory, the certified order over which the Seventh Circuit has jurisdiction is the *entirety* of this Court's August 7, 2026, document labeled "Memorandum Opinion and Order," Dkt. 115, which addresses far more than just the government's motion to

dismiss the race-discrimination equal protection claim. Specifically, the Court's August 7 order denies Plaintiffs' motion to postpone; grants the government's motion to dismiss as to Plaintiffs' APA, *ultra vires*, due process, and bare animus equal protection claims; and denies the motion to dismiss as to Plaintiffs' race-discrimination equal protection claim—but certifies *only* the Court's refusal to dismiss the race-discrimination equal protection claim. Dkt. 115 at 25-26.

The government's overly broad interpretation of the "order" that has been certified for interlocutory appeal under § 1292(b) is illogical and runs counter to the purpose of the statute—namely, "permitting appellate courts to timely resolved disputed, controlling legal questions." *Little v. Louisville Gas & Elec. Co*, 805 F.3d 695, 699 (6th Cir. 2015). Instead, "[t]he word 'order,' in the context of § 1292(b), refers to a specific direction or command from the district court, not to the document or opinion in which the court explains that direction or command." *Id.* "This plain reading is compelled by the purpose of the statute and avoids a formalistic anomaly." *Id.* Indeed, § 1292(b) explicitly provides that an interlocutory appeal does not automatically stay district court proceedings—a command that would be undermined by the government's sweeping interpretation of an appellate court's jurisdiction when a district court certifies a question under § 1292(b). And notably, the Seventh Circuit did not stay proceedings in this Court despite the government explicitly requesting a stay with its petition for appeal. *See* Order, *Mullin v. Doe*, 26-cv-8018, Dkt. 7 (7th Cir. Sept. 15, 2026).

While the Seventh Circuit has not squarely addressed this issue, other Courts of Appeals similarly construe the word "order" narrowly for purposes of § 1292(b).[1] *See Jackson v. City of*

[1] Despite not speaking to the issue directly, the Seventh Circuit's analysis in *Ashley W. v. Holcomb*, 34 F.4th 588, 592 (7th Cir. 2022) is instructive. There, the Seventh Circuit considered both standing and jurisdictional issues pertaining to the court's order refusing to dismiss the case even though the district court did not specifically certify the standing issue for appellate review. In so doing, the Seventh Circuit reasoned that all of the standing and jurisdictional questions raised by the defendants could impact the "validity of the order before" the court—i.e., the order refusing to dismiss the plaintiffs' remaining claims. However,

*Houston,* 143 F.4th 640, 644 (5th Cir. 2025) (the district court's certification of questions related to its refusal to dismiss two claims did not give the appellate court jurisdiction over order denying the defendant judgment on the pleadings even though all of the rulings were contained in a single memorandum opinion); *Homeland Stores, Inc. v. Resol. Trust Corp.*, 17 F.3d 1269, 1271-72 (10th Cir. 1994) (where the district court certified a jurisdictional issue for interlocutory appeal, the appellate court refused to also address a question about injunctive relief even though both issues were addressed in the same document); *FDIC v. Dye*, 642 F.2d 833, 837 & n.6 (even though the district court denied a motion for summary judgment on four counterclaims in one "order," the appellate court only had jurisdiction to review the counterclaim that the appellant petitioned for interlocutory appeal). Instead, "order" under § 1292(b) "refers to the district court's direction or command resolving a discrete motion or claim." *Jackson*, 143 F.4th at 644 (citation modified). *See also* 16 Wright & Miller, Federal Practice & Procedures § 3929 (3d. ed.) ("The court of appeals indeed may treat what seems to be a single order as [ ] multiple order[s] for [the] purpose [of interlocutory appeal].").

Consequently, this Court's dismissal of Plaintiffs' procedural due process and bare animus claims are not part of the "order" that is on interlocutory appeal. Rather, the single order that is in front of the Seventh Circuit is this Court's ruling on the government's motion to dismiss the race-discrimination equal protection claim. Specifically, the government's petition to the Seventh Circuit only seeks appellate review of the district court's refusal to dismiss the race-discrimination equal protection claim, and Plaintiffs did not cross-appeal the district court's dismissal of any of

---

the Seventh Circuit did not assert appellate jurisdiction over other claims that the district court dismissed as part of the same order that was certified—presumably because no party appealed that ruling. Nor are Plaintiffs aware of any other Seventh Circuit decision in which the court asserted appellate jurisdiction over a claim that no party requested be reviewed in an interlocutory appeal.

their other claims. *See* Petition for Permission to Appeal and for Stay of Proceedings, *Mullin v. Doe*, 26-cv-8018, Dkt. 2 (7th Cir. Aug. 17, 2026).

**CONCLUSION**

Accordingly, this Court retains jurisdiction over Plaintiffs' procedural due process and bare animus claims and may appropriately reconsider and modify its dismissal of both.

Dated: September 28, 2026

Respectfully submitted,

ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND
*/s/ Phi Nguyen*
Phi Nguyen
Dinesh McCoy
Helen Anne Schutz Lo
Razeen Zaman
Niji Jain
99 Hudson Street, 12th Floor
New York, NY 10013
(212) 922-5932
dmccoy@aaldef.org
pnguyen@aaldef.org
alo@aaldef.org
rzaman@aaldef.org
njain@aaldef.org

THE LAW OFFICES OF JUNE J. HTUN
*/s/ June Htun*
June Htun
3643 West Belmont Avenue
Chicago, Illinois 60618
(773) 362-5000
june@htunlaw.com

INTERNATIONAL REFUGEE ASSISTANCE PROJECT
*/s/ Guadalupe Aguirre*
Guadalupe Aguirre
Pedro Sepulveda
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
laguirre@refugeerights.org
psepulveda@refugeerights.org

Megan Hauptman
650 Massachusetts Ave NW
Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

*Counsel for Plaintiffs*