UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUNG DOE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 25 C 15483 |
| | ) | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security, *et al.*, | ) | Judge Kennelly |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF**

Plaintiffs' supplemental filing insists "that this Court has jurisdiction to reconsider both the bare animus and procedural due process claims at issue in Plaintiffs' Motion to Reconsider based on the proper scope of 28 U.S.C. § 1292(b)." Dkt. 129 ("Plaintiffs' Supplement" or "Pls.' Supp.") at 1. But this court need not resolve the scope of the pending § 1292(b) interlocutory appeal to decide plaintiffs' motion to reconsider, Dkt. 117, because whatever that section's scope, the court may (and should) deny plaintiffs' motion. To the extent this court has any doubt about its authority to grant that motion, however, Federal Rule of Civil Procedure 62.1 supplies the proper vehicle through the use of an indicative ruling. Plaintiffs' Supplement attempts to re-frame the problem by answering a completely different question. Specifically, it responds to what plaintiffs believe the Seventh Circuit may reach during defendants' presently pending appeal. But even on that issue, plaintiffs' authorities do not establish what they say.

## Argument

### I. The Court May Deny Plaintiffs' Motion Regardless of the Scope of the Appeal.

The filing of an appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). The Seventh Circuit has drawn the practical line that while an appeal is pending, a

district court "may deny, but not grant," a motion directed at the ruling on appeal, and a judge "disposed to alter" that ruling "must alert the court of appeals, which may elect to remand the case for that purpose." *Kusay v. United States*, 62 F.3d 192, 195 (7th Cir. 1995). Rule 62.1 now codifies that procedure. In other words, when a timely motion seeks relief the district court "lacks authority to grant because of an appeal that has been docketed and is pending," the court may defer, deny, or state that it would grant the motion or that it raises a substantial issue. Fed. R. Civ. P. 62.1(a). Denial is therefore available under any reading of the appeal's scope. Plaintiffs' authorities address only what questions *a court of appeals* may reach under §1292(b). *See* Pls.' Supp. at 2–3. None address what *a district court* may do while an appeal is pending, nor do they suggest that a district court may grant a motion altering a ruling the court of appeals has agreed to review.

## II. Plaintiffs' Narrow Reading of "Order" Does Not Establish This Court's Jurisdiction to Grant Plaintiffs' Motion for Reconsideration.

Even accepting plaintiffs' narrow definition of "order" on appeal to mean "the district court's direction or command resolving a discrete motion or claim," *Jackson v. City of Houston*, 143 F.4th 640, 644 (5th Cir. 2025), plaintiffs' bare-animus theory is not separable from this court's ruling on appeal. This is because the plaintiffs pleaded one equal protection claim with two theories, and this court said as much. *See* Dkt. 115 ("Order") at 22 ("The plaintiffs present two theories for their equal protection claim"). Defendants moved *once* to dismiss that claim, and the court resolved that motion in *one* ruling, dismissing the claim insofar as it rests on animus and sustaining it insofar as it rests on alleged racial discrimination. *See id.* at 22–25. The cases that Plaintiffs' Supplement points to involved genuinely distinct rulings: *Jackson*, for example, separated a Rule 12(b)(1) ruling from a Rule 12(c) ruling on the pleadings, 143 F.4th at 644–45, and *FDIC v. Dye* involved "unrelated counterclaims," 642 F.2d 833, 837 n.6 (5th Cir. Unit B Apr. 1981). None treated two theories of a single count that were resolved on a single motion as two

separate appealable "orders." At best for Plaintiffs, the scope question is not governed by binding circuit precedent—which only counsels in favor of using Rule 62.1.[1]

### III. Reconsideration of the Due Process Ruling Would Be Futile and Should Await the Seventh Circuit.

Defendants acknowledge that plaintiffs' procedural due process claim is a separate count. But two considerations nonetheless counsel denial or deferral. First, this court's holding that 8 U.S.C. § 1254a(b)(5)(A) does not bar constitutional claims appears in the due process section of the Order, Dkt. 115 at 20, and is now before the Seventh Circuit. Defendants raised that issue in requesting that the Seventh Circuit accept the certified appeal, and plaintiffs briefed it in their opposition. *See Mullin v. Doe*, No. 26-8018 (7th Cir. Aug. 24, 2026), Dkt. 5, at 7–8 (Plaintiffs' Response to Defendants' Petition). If the Seventh Circuit holds that the judicial-review bar reaches constitutional claims, plaintiffs' due process claim fails on that ground alone.

Second, every other court to consider the question has since rejected the same due process theory, and two have adopted this court's reasoning. Just three days ago, the court hearing the Yemen TPS challenges quoted this court's order at length and dismissed an identical due process claim with prejudice on that basis, *see Noor Doe v. Mullin*, Nos. 26 Civ. 2103 & 2280, 2026 WL 30033682, at *2–3 (S.D.N.Y. Oct. 6, 2026), as did the district court in the Ethiopia TPS case, *African Communities Together v. Mullin*, No. 26-cv-10278, 2026 WL 2408737, at *6 (D. Mass. Aug. 18, 2026). Deciding now whether § 1254a(b)(5)(A) permits the claim, while the Seventh

---

[1] To be clear, the dismissal of the animus theory by this court is thus part of the order that the Seventh Circuit will review, but not a ruling that the plaintiffs may ask that court to disturb. An appellee who has not cross-appealed may defend the ruling below on any ground, but may not obtain alteration of the ruling in its own favor. *See Greenlaw v. United States*, 554 U.S. 237, 244–45 (2008) ("[A]n appellate court may not alter a judgment to benefit a nonappealing party. This Court, from its earliest years, has recognized that it takes a cross-appeal to justify a remedy in favor of an appellee."). In this case, the plaintiffs filed no cross-petition. *See* Fed. R. App. P. 5(b)(2).

Circuit considers that question, invites inconsistent rulings. Moreover, Plaintiffs' Supplement identifies no prejudice from waiting.

## IV. The No-Stay Clause Does Not Authorize Modifying This Court's Order.

Plaintiffs' Supplement also argues that because § 1292(b) provides that an appeal "shall not stay proceedings in the district court," this court may revise the now-certified order. Pls.' Supp. at 2. The clause permits the case to proceed, but does not license the modification of the ruling now under appellate review. Put another way, the divestiture rule articulated by the Supreme Court in *Griggs* and the Seventh Circuit in *Kusay* governs § 1292(b) appeals as it governs other appeals. And, incidentally, the Seventh Circuit did not deny defendants' stay motion. Instead, its September 15 order ruled only on defendants' petition and the issue of sealing plaintiffs' names. *See Mullin v. Doe*, No. 26-8018 (7th Cir. Sept. 15, 2026), Dkt. 7.

## Conclusion

Based on the foregoing, plaintiffs' motion for reconsideration should be denied. To the extent the court has any doubt about its authority, it should defer or enter an indicative ruling under Rule 62.1 rather than grant the motion.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Joshua S. Press
JOSHUA S. PRESS
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7625
joshua.press@usdoj.gov